UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| MAURICE PERNELL McKINNEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 13-78-KKC |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO J. QUINTANA, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Maurice Pernell McKinney is an inmate confined at the Federal Medical Center located in Lexington, Kentucky. Proceeding without an attorney, McKinney has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence for drug and money laundering offenses. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates McKinney's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts McKinney's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny relief because McKinney may not assert his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On March 2, 2004, a federal grand jury in Florida handed down a five-count superseding indictment against McKinney, charging him with committing various drug and firearm offenses. *United States v. McKinney*, No. 4:04-CR-3-RH-WCS-2 (N.D. Fla. 2004) [R. 18, therein] In April 2004, McKinney pleaded guilty to Count 5 of the superseding indictment (possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)). [R. 38, therein] McKinney later pleaded guilty to two other counts of the superseding indictment: Count 2 (possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and Count 3 (possession of firearms in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2). [R. 50, therein]

The district court determined that under 18 U.S.C. § 924(e), McKinney qualified for a mandatory 15-year minimum prison term known as the Armed Career Criminal Act ("ACCA") because he had three prior convictions for serious drug offenses or violent felonies, consisting of two prior convictions for burglary of a structure and one conviction for robbery. The district court therefore increased McKinney's offense level for grouped Counts 2 and 5, and sentenced McKinney to a 180-month prison sentence on those counts, to run concurrently with each other. [R. 65, therein] The district court then imposed a 120-month prison sentence on Count 3 (the § 924(c) offense), to run consecutively to the sentence imposed on Counts 2 and 5. [*Id.*]

McKinney appealed, arguing that his trial counsel provided ineffective assistance, and

2

that the district court abused its discretion in denying his motion to withdraw his guilty plea to the § 924(c) offense in Count 3, erred in imposing a mandatory minimum ten-year consecutive sentence based on its finding that he possessed an Intratec 9 millimeter semi-automatic pistol, and violated his Sixth Amendment right to a jury trial, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), by considering the federal guidelines when sentencing him. On appeal, McKinney's conviction and sentence were affirmed. *United States v. McKinney*, 135 F. App'x 313 (11th Cir. 2005) The Eleventh Circuit determined that the district court committed no errors,[1] *id.*, at 319-26, noting that McKinney's 300-month sentence fell below the total range of 330-382 months set by the guidelines. *Id*. at 325

In November 2005, McKinney filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 96, therein] McKinney argued that his counsel was ineffective for failing to investigate his non-violent burglary convictions used to enhance his sentence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and for erroneously advising him that his prior convictions satisfied the ACCA's enhancement requirements. McKinney claimed that two of his three prior felonies used to enhance his sentence were for burglary of only a "structure," which he asserted did not count as a violent felony. McKinney further alleged that his counsel did not prepare for sentencing and was unaware of relevant provisions of the federal sentencing guidelines.

The district court denied McKinney's § 2255 motion. *See* District Court docket sheet at R. 103, therein; *United States v. McKinney*, Nos. 4:04cr3-RH/WCS, 4:05cv449-RH/WCS, 2007 WL 2083639 (N.D. Fla. July 16, 2007) The district court explained that McKinney was not

---

[1] The court declined to review McKinney's ineffective assistance of counsel claim on direct review. *Id.*, at 318-19.

3

denied effective assistance of counsel at sentencing because he was properly sentenced as a career offender under § 924(e) and U.S.S.G. § 4B1.4. *Id.*, *5. It also rejected McKinney's claim that his counsel was constitutionally deficient for failing to differentiate the burglary of a structure from the burglary a dwelling by explaining, "While burglary of a structure that is not a dwelling does not count as a crime of violence for career offender sentencing, it does count as a violent felony for sentencing as an armed career criminal under § 924(e) and § 4B1.4." *Id*.

The district court also rejected as baseless McKinney's allegation that his counsel was not prepared for sentencing and that he failed to object to the imposition of the 120-month consecutive sentence on the § 924(c) offense. *Id.*, at *6. The district court explained that sentence imposed under § 924(c) must run consecutive to any other sentence, "...and is not to be grouped in determining the sentence range of the other offenses. That the sentence would be consecutive was clearly explained and understood by Defendant when he entered the plea." *Id*. The district court thus concluded that because it correctly applied the Guidelines and § 2K2.4 and imposed a consecutive sentence on the § 924(c) offense, there was nothing to which McKinney's counsel could have objected at sentencing. *Id*.

McKinney appealed, but the Eleventh Circuit denied his application for a certificate of appealability, stating that he had not made a substantial showing of the denial of a constitutional right. *McKinney v. United States*, No. 07-13943-C (11th Cir. Mar. 21, 2008); *see also* District Court docket sheet at R. 124, therein.

## ALLEGATIONS ASSERTED IN THE § 2241 PETITION

McKinney contends that he is entitled to relief from his sentence under § 2241 because

4

the district court improperly enhanced his sentence under § 924(e). McKinney argues that the district court lacked subject matter jurisdiction to enhance his sentence under § 924(e) and that his prior Florida state court convictions did not qualify as predicate offenses which would have supported an enhancement under § 924(e). McKinney also alleges that by using a preponderance of the evidence standard, the district court violated his Sixth and Eighth Amendment rights and the *Blakely* when it enhanced his sentence. Finally, McKinney alleges that he pleaded guilty to Count 3 (possession of firearms in furtherance of a drug-trafficking offense under§ 924(c)) because he received ineffective assistance of counsel, and that but for the alleged ineffective assistance of counsel, he would not have pled guilty to Count 3.

## DISCUSSION

McKinney is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, McKinney challenges the constitutionality of his sentence on Fifth and Sixth Amendment grounds. Section § 2241 is not, however, the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction. *Anderson v. Hogsten*, 487 F. App'x, 283, 2012 WL 5278595 **1 (6th Cir. Oct. 26, 2012) (Unpublished); *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only

5

circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).

The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner raised a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). As explained below, McKinney's § 2255 remedy was not inadequate and ineffective.

First, in his § 2241 petition, McKinney continues to challenge the enhancement of his ACCA-enhanced sentence and to argue that he was denied effective assistance of counsel during the sentencing phase of his criminal proceeding. McKinney again argues that his two prior Florida burglaries did not qualify as predicate offenses under the ACCA, because they were not burglaries of a "dwelling." McKinney raised both of these arguments in his § 2255 motion, wherein he argued that his counsel was ineffective under the Sixth Amendment for failing to investigate and/or object to the use of his prior state court burglary convictions as predicates for the enhancement of his federal sentence under § 924(e). In denying McKinney's § 2255 motion,

6

the district court clearly explained to McKinney that his Sixth Amendment rights were not violated at sentencing because his prior state court convictions for burglary of a "structure" counted as predicate offenses/prior violent felony offenses under the ACCA. *McKinney*, 2007 WL 2083639, at *5.

Thus, McKinney does nothing more in his § 2241 petition than recycle the same Fifth and Sixth Amendment challenges to his ACCA-enhanced sentence which the district court rejected as meritless on July 16, 2007, and for which the Eleventh Circuit refused to issue a certificate of appealability. The remedy under § 2255 is not inadequate where a petitioner asserted a legal argument in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758. The fact that McKinney was unsuccessful in his effort to challenge his ACCA-enhanced sentence in his § 2255 motion, and the fact that the appellate court thereafter denied him relief on that issue, does not entitle him to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Second, in his § 2241 petition, McKinney what appear to be new claims, *i.e.*, (1) that the district court lacked "subject matter jurisdiction" to enhance his sentence under the ACCA, (2) that his sentence was improperly enhanced under the ACCA because neither of his prior burglary offenses resulted in a prison term of more than one year, and (3) that the district court violated *Blakely* by enhancing his sentence using a preponderance of the evidence standard. McKinney

7

can not demonstrate that his remedy under § 2255 was inadequate or ineffective on these claims, because he did not assert these arguments in his § 2255 motion when he had an opportunity to do so. Again, the remedy provided under § 2255 is not rendered inadequate and ineffective if the petitioner had an opportunity to assert a claim in his § 2255 motion, but failed to do so. *Charles*, 180 F.3d at 756-58. Thus, McKinney has not established that his remedy under § 2255 was inadequate and ineffective to challenge his federal detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

McKinney has not cited a new rule of law which the Supreme Court has made retroactively applicable and which affords him relief from his sentence. McKinney cites *Sawyer v. Whitley*, 505 U.S. 333 (1992), in support of his claims. In *Sawyer*, a state death penalty prisoner filed a second or successive § 2254 petition alleging a constitutional error in the jury's determination that he should be sentenced to death; the issue was whether a constitutional error in capital sentencing would fit within the actual innocence exception. The Supreme Court held

8

that the actual innocence exception applies to constitutional errors in capital sentencing only when the errors resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed. *Sawyer*, 505 U.S. at 348–50. Aside from the fact that McKinney is not a death-penalty petitioner, *Sawyer* was decided long before McKinney was convicted and therefore would not afford him retroactive relief.

To the extent that McKinney continues to allege that he received ineffective assistance of counsel during the sentencing process, and that but for the alleged ineffective assistance of counsel he would not have pled guilty to the § 924(c) offense, his claim could be construed as one falling under *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012).[2] However, these cases do not assist McKinney because they do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See Buenrostro v. United States*, 697 F.3d 1137,1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

Further, McKinney does not allege that is actually innocent of the underlying drug and firearm offenses crimes of which he was convicted, only that the sentence imposed was excessive, and that the district court lacked jurisdiction to impose an enhanced sentence. An actual innocence claim can arise only where, after the prisoner's conviction became final, the

---

[2] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*.

9

Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

In this circuit, a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Peterman*, 249 F.3d at 462; *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241."); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause).

In *Brown v. Hogsten*, No. 6:11-CV-140-KSF (E.D. Ky. 2011), a federal prisoner filed a § 2241 petition challenging the enhancement of his sentence under the ACCA, arguing that his prior conviction for burglary did not constitute a "violent felony" under *Begay v. United States*,

553 U.S. 137 (2008).³ This Court denied Brown's § 2241 petition, and on appeal, the Sixth Circuit affirmed. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (stating that *Begay* "...is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim.") McKinney does not cite *Begay* by name, but he is effectively arguing the same issue in his § 2241 petition which Brown unsuccessfully advanced in his § 2241 petition. Thus, McKinney fails to set forth a claim that warrants relief under § 2241.

The Court will therefore deny McKinney's petition because he may not assert his Fifth and Sixth Amendment claims in a habeas corpus proceeding under § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Maurice Pernell McKinney's 28 U.S. C. § 2241 petition for a writ of habeas corpus [R. 1], is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the docket.

This September 25, 2013.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**

---

³

*Begay* holds that DUI convictions are not violent felonies under the ACCA. *Begay*, 553 U.S. at 144–48. Subsequent cases extended *Begay*'s analysis to other categories of criminal offenses. *See, e.g.*, *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687, (2009), (holding that felony escape convictions based on the a defendant's failure to report were not violent felonies under the ACCA).